**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TODAY'S OFFICE, INC. | * | |
| PLAINTIFF | * | |
| V. | * | |
| | * | CASE NO. 4:18CV00733 SWW |
| STEELCASE, INC. | * | |
| DEFENDANT | * | |
| | * | |

## ORDER

Today's Office, Inc. ("TOI") brings this action against Steelcase, Inc. ("Steelcase"), charging violations of the Arkansas Franchise Practices Act and tortious interference with contractual relationships. Before the Court is TOI's second motion to compel [ECF Nos. 29, 30], Steelcase's response in opposition [ECF No. 31], TOI's reply [ECF No. 44], and Steelcase's sur-reply [ECF No. 53]. After careful consideration, and for reasons that follow, TOI's motion is denied as moot.

By order entered May 13, 2019, the Court granted in part and denied in part TOI's first motion to compel and directed Steelcase to produced "reasonably accessible communications that mention or related to [TOI]."[1] After the discovery deadline expired, TOI filed a second motion to compel, reporting that Steelcase produced copies of emails but failed to comply with a request to describe how it identified the emails it produced. TOI also complained that Steelcase had limited its production to the emails of five employees. By way of relief, TOI requested that the Court strike Steelcase's answer or, alternatively, preclude the testimony of certain witnesses, order Steelcase to produce the

---
[1] ECF No. 29.

1

missing documents, and order Steelcase to provide information about how it identified the emails it produced.

Steelcase responded, detailing its significant efforts to comply with the Court's order compelling discovery. Steelcase also explained that the parties had differing views as to the scope of emails that were "reasonably accessible," but after TOI filed the second motion to compel, Steelcase attempted to comply with TOI's interpretation and produced an additional 3,542 emails, which Steelcase asserted rendered TOI's second motion to compel moot.

TOI filed a reply, asserting again that Steelcase had failed to produce information about how it identified the emails it produced, which amounted to a "hide-the-ball" tactic. Steelcase filed a sur-reply, stating that it has searched for and produced the email messages of all custodians requested by TOI. Steelcase also provided a detailed report as to how it searched for and recovered the communications it produced. Additionally, by affidavit, counsel for Steelcase reported that Steelcase offered to produce additional witnesses for deposition as may be requested by TOI.

After careful review, the Court finds that TOI's second motion to compel is moot and finds no basis for imposing sanctions.

IT IS THEREFORE ORDERED that Plaintiff's motion to compel [ECF No. 29] is DENIED AS MOOT.

IT IS SO ORDERED THIS 15TH DAY OF NOVEMBER, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE